People agt. Allen.

These were four causes between the same plaintiffs and different defendants and same attorneys. The motion papers were made out separate, and the motions granted unless plaintiffs stipulated and paid $10 costs only, including the four motions. It was insisted by defendant's counsel that costs in this motion should be allowed. Plaintiff's counsel insisted that all the causes might have been entitled in one affidavit and notice, and the whole object could have been accomplished by one motion.

> P. CAGGER, *defendant's counsel.*
> G. B. WOOD, *defendant's attorney.*
> H. GRAY, *plaintiffs' counsel.* ·
> GRAY & HATHAWAY, *plaintiffs' attorneys.*

------

### THE PEOPLE agt. JAMES H. ALLEN.

A district attorney has authority and discretion given by statute, as to what court he will sue a recognizance in, whether the principal and bail all reside in the county in which the recognizance was taken or not. The case of *The People agt. Backman and Miner* (1st *Howard's Practice Reports*, 221), overruled.

*December Term*, 1845.

MOTION by defendant to set aside amended declaration and subsequent proceedings for irregularity.

This was an action brought by the district attorney of Schenectady, on a recognizance entered into by the defendant as principal with sureties, at the Schenectady general sessions. The principal and sureties all resided in Schenectady county. It was insisted by defendant's counsel that the action should have been brought in the same court in which the original suit was commenced, unless the bail, or one of them, resided out of the county, *and cited* 1 *Howard's Practice Reports*, p. 221, *The People* agt. *Backman & Miner, and cases there cited.*

On the part of the people it was insisted that it was made the duty of the district attorney to prosecute recognizances, &c. (2 *R. S.*, 2d ed., 398, § 29), and the pleadings and proceedings should be the same in all respects as in personal actions for the recovery of debts, &c. The manner of collecting fines and recognizances was left to the discretion of district attorneys. (4 *Wend.* 387; 10 *Wend.* 431, 464, 509; 17 *Wend.* 252; 6 *Hill*, 506.) This court never interferes with discretionary power. The cases quoted by the defendant were all cases upon recognizances in the common pleas (not general sessions), and were based upon the ground that the bond should be sued in the same court in which it was taken. This did not apply to recognizances in general sessions; they could not be sued in the court in which they were taken.

> JAMES FULLER, *defendant's counsel and attorney.*
> P. POTTER, *district attorney, counsel for people.*

[*35]    *JEWETT, Justice. Thought the authorities cited by the district attorney were conclusive against this motion; the district attorney had discretion by statute, as to what court he would sue the recognizance in; the residence of the bail could make no difference.